IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. EDWARD HENDRICKSON, | § § § | |
| Plaintiffs-Relator, | § § | |
| v. | § § | |
| BANK OF AMERICA, N.A., WELLS FARGO BANK, N.A., CITIBANK, N.A., COMERICA BANK, WELLS FARGO BANK, N.A., as successor in interest to WACHOVIA BANK, N.A., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, COMPASS BANK, MANUFACTURERS & TRADERS TRUST COMPANY, SEACOAST NATIONAL BANK, FIFTH THIRD BANK, PNC BANK, N.A., THE NORTHERN TRUST COMPANY, FROST BANK, THE AMERICAN NATIONAL BANK OF TEXAS, CENTRUE BANK, and AMARILLO NATIONAL BANK, | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:16-CV-292-M |
| Defendants. | § | |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS AGAINST COMPASS BANK AS BARRED BY THE STATUTE OF LIMITATIONS AND PARTIAL MOTION TO DISMISS CLAIMS AGAINST THE OTHER DEFENDANT BANKS BASED ON THE STATUTE OF LIMITATIONS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ........................................................................................................................................ 1

I.     The facts pled show that Relator's claims against Compass Bank are time barred. ............. 1

II.    Relator cannot rely on allegations against other banks to save his untimely claims against Compass Bank and his other arguments also fail. .................................................. 3

III.   The Court should grant the other Banks' Partial Motion to Dismiss. ................................. 6

CERTIFICATE OF SERVICE ......................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Gen. Motors, LLC*,
  No. 4:17-CV-672-A, 2017 WL 5891804 (N.D. Tex. Nov. 28, 2017) ....................................... 2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 1

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 1

*Cevallos v. Silva*,
  541 F. App'x 390 (5th Cir. 2013) ......................................................................................... 2

*Doe v. United States Dep't of Justice*,
  753 F.2d 1092 (W.D. Pa. 1992) ........................................................................................... 3

*Federal Trade Comm'n v. Nat'l Business Consultants, Inc.*,
  376 F.3d 317 (5th Cir. 2004) ................................................................................................ 3

*Firestone v. Firestone*,
  76 F.3d 1205 (D.D.C. 2003) ................................................................................................ 3

*Frame v. City of Arlington*,
  657 F.3d 215 (5th Cir. 2011) ................................................................................................ 3

*Griffin v. HSBC Mortg. Servs., Inc.*,
  No. 4:14-CV-00132-DMB, 2015 WL 4041657 (N.D. Miss. July 1, 2015) .............................. 5

*In re: Enron Corp. Securities Derivative & ERISA Litig.*,
  761 F. Supp. 2d 504 (S.D. Tex. 2011) .................................................................................. 2

*Kellogg Brown & Root Servs., Inc. v. United States*,
  135 S. Ct. 1970 (2015) ......................................................................................................... 3

*Sahlein v. Red Oak Capital, Inc.*,
  No. 3:13-CV-00067-DMB-JM, 2014 WL 3046477 (N.D. Miss. July 3, 2014) ....................... 6

*Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*,
  781 F.3d 1003 (8th Cir. 2015) .............................................................................................. 6

*United States (Wall) v. Vista Hospice Care, Inc.*,
  778 F.Supp.2d 709 (N.D. Tex.2011) ................................................................................. 3, 4

*United States ex rel. Grubbs v. Kanneganti*,
  565 F.3d 180 (5th Cir. 2009) .......................................................................................... 3, 4, 5

*United States ex rel. Ramsey-Ledesma v. Censeo Health, L.L.C.*
  No. 3:14-CV-00118-M, 2016 WL 5661644 (N.D. Tex. Sept. 30, 2016) ................................. 6

*United States v. BNP Paribas SA, et al.*,
    884 F.Supp. 2d 589 (S.D. Tex. 2012) ........................................................................................ 2

**Statutes**

31 U.S.C. § 3731 .................................................................................................................................. 2

**Rules**

Rule 9(b) ......................................................................................................................................... 4, 6

Compass Bank's argument is simple. All of the **facts** alleged against Compass Bank in the Amended Complaint are outside the applicable six year statute of limitations. Under *Twombly* and *Iqbal* (and Federal Rule of Civil Procedure 9(b)) a plaintiff must plead facts showing an entitlement to relief. And when those pled facts are for misconduct occurring outside the limitations period, the complaint should be dismissed as barred by the statute of limitations. Relator responds with misdirection, largely ignoring Compass Bank's six-year statute-of-limitations argument. But the **facts** alleged show that his claims against Compass Bank are time barred. Because Relator has not requested leave to amend, this Court should grant the Motion to Dismiss with prejudice and enter a final judgment in favor of Compass Bank. Finally, for the reasons stated below, the Court should also grant the other Defendant banks' partial motion.

## ARGUMENT

### I.   The facts pled show that Relator's claims against Compass Bank are time barred.

The parties agree that claims based on conduct occurring on, or before, February 1, 2010 are time barred. (Doc. 105 at 6.) According to the facts alleged in the Amended Complaint, the last alleged improper payment to a Compass Bank customer occurred in November 2009—months before the start of the limitations period.

Attempting to save his time-barred claims, Relator relies on pure speculation. He asserts that "**if** Compass Bank received a Notice of Reclamation" and "**if**" Compass Bank "falsely certified" a date of death, then "this false certification **may** well have occurred during the six-year statute of limitations." (Doc. 105 at 6 (emphasis added).)  These suggestions about what **might** have happened are not facts but guesswork that cannot satisfy the Rule 8 standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

1

sheer possibility that a defendant has acted unlawfully."); *Anderson v. Gen. Motors, LLC*, No. 4:17-CV-672-A, 2017 WL 5891804, at *4 (N.D. Tex. Nov. 28, 2017) (dismissing claims because "none of [the plaintiff's] allegations rise above the level of pure speculation").

Equally important, the Amended Complaint does not allege facts even suggesting Compass Bank received such a Notice of Reclamation (or when), much less that Compass Bank made a false certification in response or otherwise failed to return monies after February 1, 2010. Thus, Relator's argument is not only speculation, but speculation that is not even pled. It is well established that Relator cannot add allegations in his Response Brief to cure inadequacies of his Amended Complaint. *See Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (complaint properly dismissed because factual allegations only appeared in response to the motion to dismiss rather than complaint itself); *In re: Enron Corp. Securities Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) ("[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.") (internal quotations omitted).

Relator next argues that the Amended Complaint "present[s] contested questions of fact [as to the statute of limitation]." (Doc. 105 at 6.) But he never identifies—nor could he—which supposed facts are contested (as to Compass Bank and the statute of limitations), why they are contested, or how their resolution would alter the result in this action. Relator's only FCA case on this point is plainly distinguishable because it was decided under the provision for **government** claims—which includes a three-year tolling/discovery provision that Relator admits does not apply here. *Compare* 31 U.S.C. § 3731(b)(2) *with* 31 U.S.C. § 3731(b)(1); *see* Doc. 105 at 1; *see United States v. BNP Paribas SA, et al.*, 884 F.Supp. 2d 589, 598 (S.D. Tex. 2012) (refusing to dismiss claims by government based upon statute of limitations "because whether they are subject to the FCA's three-year **tolling provision** is a question of fact") (emphasis

added), *partially overruled by Kellogg Brown & Root Servs., Inc. v. United States*, 135 S. Ct. 1970 (2015). Indeed, each of Relator's cases involved a factual dispute over discovery or tolling, again something Relator does not (and could not) argue applies.[1]

## II. Relator cannot rely on allegations against other banks to save his untimely claims against Compass Bank and his other arguments also fail.

Relator argues that the *Grubbs* case allows him to avoid pleading facts about Compass Bank within the statute of limitations, claiming (1) that the single time-barred example alleged for Compass Bank and (2) facts about the alleged misconduct of other banks, are sufficient to suggest the alleged wrongdoing of Compass Bank occurred during the statute of limitations. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009). First, he argues that his "example**s** indicate a **pattern** of wrongdoing and support [his] overarching allegation." (Doc. 105 at 11) (emphasis added). This is not how *Iqbal,* Rule 9(b), or the statute of limitations works. It is insufficient to merely plead a single "slightly older" "specific example of wrongdoing" and then speculate that it continued into the limitations period. (Doc. 105 at 12). As a matter of pleading, Relator's assertion is also untrue. There is no "pattern" or "scheme" pled against Compass Bank—there is only a single time-barred example. A "pattern" or "scheme," on the other hand, involves conduct which continues over time, with a plan, with a methodology, and with identifiable persons.[2] Relator pleads none of this against any of the Defendants—and he

---

[1] In fact, at least one of the cases cited by the Relator actually dismissed claims at the pleading stage based upon the statute of limitations. *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1116 (W.D. Pa. 1992) ("we find … to be time-barred"). The other cases cited by Relator were not FCA cases and were decided on disputes over when the misconduct could have been discovered. *See, e.g., Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (ADA case; "**issues of material fact as to when the plaintiffs knew or should have known** . . . "); *Federal Trade Comm'n v. Nat'l Business Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004) (issue regarding when FTC "**discovered**" or "could have reasonably" discovered transfer); *In matter of Hinsley*, 201 F.3d 638, 645 (5th Cir. 2003) (rejecting statute of limitations because applicable law "**tolls**"); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.D.C. 2003) (finding allegations sufficiently pled for tolling to "**prevent discovery**") (emphases added).

[2] Relator cites this Court's decision in *United States (Wall) v. Vista Hospice Care, Inc.*, 778 F.Supp.2d 709 (N.D. Tex.2011) for this interpretation of *Grubbs*. In fact, *Vista Hospice* holds that conclusory allegations do not satisfy *Grubbs* and that facts are necessary. This is especially true here because Relator does not even use Compass Bank's

3

certainly pleads none of this against Compass Bank during the limitations period. Because Relator alleged only a single time-barred against Compass Bank example, and not a "pattern" or "scheme," Relator cannot satisfy the first *Grubbs* prong.[3]

Relator's allegations also fail the second *Grubbs* prong. One time-barred example does not lead "to a strong inference that [false] claims were actually submitted." Instead of a "strong inference", Relator's inability to plead any facts against Compass Bank during the statutory period leads to the opposite inference—that is, he cannot find a single factual example against Compass Bank that is not time-barred despite his "**extensive first-hand knowledge**" of the alleged misconduct. (Doc. 102 at 34 (emphasis added).)

Relator is also wrong that *Grubbs* even applies here. He argues *Grubbs* applies because "**only the Banks** know when they received the [Social Security Administration's] [Death Notification Entries]" through the ACH system, thus information is not "in the possession of, and presumably available from, other sources." (Doc. 105 at 15 (emphasis added).) But the Amended Complaint and the Green Book state just the opposite: "A DNE is an ACH network application that **only 'an agency of the Federal Government may originate**.' Green Book at 4-2." (Doc. 18 at ¶ 32 (emphasis added) (noting that the DNE is an "electronic notification"). Accordingly,

---

name in the remainder of the Amended Complaint, much less provide any facts or instances of wrongdoing other than a single, time-barred example. *Vista Hospice*, 778 F. Supp. 2d at 717 ("Defendants are entitled to a pleading which specifies the **manner** in which 'VistaCare' allegedly instructed its employees to falsify certifications for specific individual patients, that **those employees** did so with the requisite intent, **that named individuals** acting for VistaCare **asked other named individuals** to forge doctors' names **for specific individuals**, and that they did so. Otherwise, Defendants would not be able to defend against Wall's generalized complaints. Further, except as to the Medicare and Medicaid enrollment percentages, the allegations stated upon information and belief are insufficient, and Wall **must provide a factual basis for her beliefs**.") (emphasis added).

[3] Relator's effort to treat the "Defendant Banks" as a single, monolithic defendant is inappropriate in this case because there is no dispute that each bank is a separate corporate entity. (Doc. 18, ¶ 10.) There is no allegation that Compass Bank (or any Defendant) was working in concert with any other Defendant or that any or all of the Defendants engaged in a conspiracy. Given that this is a fraud case to which Rule 9(b) applies, Relator's failure to plead each Defendant's misconduct with particularity is fatal to his attempt to lump all sixteen banks together as a single Defendant. Further, as discussed in footnote 4 *infra*, the Defendants are improperly joined in this case. In truth, each operates under differing policies, with different employees, in different regions, and in different time-frames.

4

the "Federal Government" certainly knows when the banks allegedly learned of a beneficiary's death because the federal government sent each DNE. At the very least, Relator cannot say that such information is unavailable from sources other than the Defendants. Relator also argues Compass Bank "ignores the great bulk of Relator's Amended Complaint." (Doc. 105 at 10.) But, the "bulk" of his allegations are mere assumptions, and legal conclusions asserted against the monolithic "Defendant Banks." These conclusory allegations are untethered to any specific action(s) by Compass Bank at any particular time, by any particular person, in any particular method, for any particular transaction (and certainly not within the statute of limitations).

Notably, Relator does not cite a single case holding that *Grubbs* can be satisfied by pleading alleged facts against other defendants. In truth, the Amended Complaint is a shotgun pleading. Relator disputes this label, arguing that it is proper to lump all Defendants together in conclusory allegations—even in a fraud case—and even in a case where there is no allegation that the Defendants worked together or were in conspiracy.[4] (Doc. 105 at 8.) This directly contradicts even the most limited possible reading of *Iqbal*, Rule 9(b) and *Grubbs*. Indeed, a complaint is a shotgun pleading when it lodges allegations against multiple defendants with no effort to distinguish between them or their role in the alleged misconduct. *See Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14-CV-00132-DMB, 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015) ("Quintessential shotgun pleadings also fail to distinguish between the actions of named defendants.") (internal alterations omitted). In *Griffin*, the complaint failed to distinguish "between the conduct of the individual HSBC corporate entities." *Id.* at *5. Relator makes no attempt to distinguish *Griffin*. Similarly, Relators make no effort to distinguish *United States ex rel. Ramsey-Ledesma v. Censeo Health, L.L.C.*, in which this Court held that "[a]llegations that

---

[4] While Relator asserts that there are common questions of law or fact sufficient to join the "Defendants Banks" in a single lawsuit under Rule 20 (Doc. 105 at 5 n.2), he ignores the "same transaction or occurrence" requirement and makes no argument on this point. Thus, he implicitly concedes that joinder was improper here.

lump all defendants together and fail to segregate the alleged wrongdoing of one from those of another do not satisfy Rule 9(b)." *See* No. 3:14-CV-00118-M, 2016 WL 5661644, at *9 (N.D. Tex. Sept. 30, 2016) (Lynn, C.J.).[5] Further, Relator's attempt to distinguish *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-00067-DMB-JM, 2014 WL 3046477, at *2 (N.D. Miss. July 3, 2014) falls flat. In *Sahlein*, the trial court dismissed the complaint because it "lump[ed] together broad allegations against all thirteen defendants as a whole" and "fail[ed] to properly distinguish . . . the alleged wrongs committed by each individual defendant." *Id.* at *3. The same is true here. Relator's complaint lumps all the Defendant Banks together even though none are alleged to have worked together. His shotgun pleading cannot save his time barred allegations.

Finally, Relator spends a significant portion of his response brief attacking straw-man arguments. For example, he opens with the argument that the statute of limitations is not 120 days. While Defendants noted the 120 day limitations period serves as an independent basis for dismissing the Amended Complaint, they also were clear that their limitations brief was directed toward the six-year statute of limitations. (Doc. 96 at 4.)

### III. The Court should grant the other Banks' Partial Motion to Dismiss.

Relator concedes the six-year statute applies and does not dispute that many of his specific examples of alleged misconduct occurred prior to February 2, 2010. (Doc. 105 at 5-7.) His arguments that the timeliness of his examples is irrelevant and that Government intervention could extend the statute of limitations lack merit. He cannot rely on untimely allegations of isolated incidents to establish a timely scheme of ongoing misconduct, nor can he rely on a statute of limitations that does not apply to him. Thus, this Court should grant complete dismissal of all activity alleged to have occurred on or before February 1, 2010, as described in Exhibit B.

---

[5] Relator is also silent as to *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, which affirmed a complaint's dismissal when it "attributed fraudulent representations and conduct to multiple defendants generally, in a group pleading fashion." *See* 781 F.3d 1003, 1013 (8th Cir. 2015).

6

Respectfully submitted this the 20th day of December, 2017.

/s/ *Gregory C. Cook*
Gregory C. Cook
State Bar No. 24084974
Steven C. Corhern (admitted *pro hac vice*)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
(205) 251-8100
Fax: (205) 226-8799
gcook@balch.com

Michael A. Logan
State Bar No. 12497500
C. Jeffrey Novel
State Bar No. 24037198
Kane Russell Coleman Logan, PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 777-4200
Fax: (214) 777-4299
mlogan@krcl.com
jnovel@krcl.com

ATTORNEYS FOR COMPASS BANK

/s/ Justin R. Opitz
Justin R. Opitz
State Bar No. 24051140
McGuireWoods LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
(214) 932-6400
Fax: (214) 932-6499
jopitz@mcguirewoods.com

Jeremy S. Byrum
McGuire Woods, LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-4305
Fax: (804) 698-2080
jbyrum@mcguirewoods.com

ATTORNEYS FOR WELLS FARGO BANK, N.A., WELLS FARGO BANK, N.A.; as successor in interest to WACHOVIA BANK, N.A.

/s/ Thomas V. Panoff
Lucia Nale
(Bar No. 6201684IL)
Thomas V. Panoff
(Bar No. 6283695IL)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Telephone)
(312) 706-8297 (Facsimile)

Keith M. Aurzada
(Bar No. 24009880)
Bradley J. Purcell
(Bar No. 24063965)
BRYAN CAVE LLP
2200 Ross Avenue, STE 3300
Dallas, Texas 75201
Telephone 214-721-8000
Facsimile 214-721-8100

ATTORNEYS FOR DEFENDANT CITIBANK N.A.

/s/ Jason M. Hopkins
David W Klaudt
State Bar No. 00796073
Jason M. Hopkins
State Bar No. 24059969
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
(214) 665-3616
Fax: (214) 665-3601
klaudtd@gtlaw.com
hopkinsjm@gtlaw.com

Matthew J Cannon
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
312-456-8400
cannonm@gtlaw.com

ATTORNEYS FOR JPMORGAN CHASE BANK

/s/ William P. Huttenbach
William P Huttenbach
State Bar No. 24002330
Hirsch & Westheimer PC
1415 Louisiana, 36th Floor
Houston, TX 77002
(713) 220-9184
Fax: 713-223-9319
phuttenbach@hirschwest.com

ATTORNEYS FOR THE AMERICAN NATIONAL BANK OF TEXAS

| | |
|---|---|
| /s/ Michael J. Bronson | /s/ M. Chad Berry |
| Michael J. Bronson | Stacy B. Loftin |
| Laurie A. Witek | State Bar No. 12489500 |
| Dinsmore & Shohl LLP | M. Chad Berry |
| 255 E. Fifth St., Suite 1900 | State Bar No. 24001730 |
| Cincinnati, OH 45202 | Adams, Lynch & Loftin, P.C. |
| (513) 977-8200 | 3950 Highway 360 |
| Fax: (513) 977-8141 | Grapevine, Texas  76051-6741 |
| michael.bronson@dinsmore.com | (817) 552-7742 |
| laurie.witek@dinsmore.com | Fax: (817) 328-2942 |
| | sbl@all-lawfirm.com |
| Anthony J. Campiti | cberry@all-lawfirm.com |
| State Bar No. 00798092 | |
| Thompson & Knight LLP | ATTORNEYS FOR FROST BANK |
| 1722 Routh St., Suite 1500 | |
| Dallas, TX 75201-2533 | |
| (214) 969-1700 | |
| Fax: (214) 969-1751 | |
| tony.campiti@tklaw.com | |
| | |
| ATTORNEYS FOR FIFTH THIRD BANK | |
| | |
| /s/ Kenneth E. Broughton, Jr. | /s/ Thomas B. Walsh, IV |
| Kenneth E Broughton, Jr | Thomas B. Walsh, IV |
| State Bar No. 03087250 | State Bar No. 00785173 |
| Michael H. Bernick | Winston & Strawn LLP |
| State Bar No. 24078227 | 2501 N. Harwood St., 17th Floor |
| Reed Smith LLP | Dallas, TX  75201 |
| 811 Main Street, Suite 1700 | (214) 453-6460 |
| Houston, TX 77002 | Fax: (214) 453-6400 |
| (713) 469-3819 | twalsh@winston.com |
| Fax: (713) 469-3899 | |
| kbroughton@reedsmith.com | ATTORNEYS FOR BANK OF AMERICA, |
| mbernick@reedsmith.com | N.A., COMERICA BANK, PNC BANK N.A. |
| | |
| Roy W. Arnold | |
| Reed Smith LLP | |
| 225 Fifth Avenue, Suite 1200 | |
| Pittsburgh, PA 15222 | |
| (412) 288-3916 | |
| rarnold@reedsmith.com | |
| | |
| ATTORNEYS FOR MANUFACTURERS AND TRADERS TRUST COMPANY | |

/s/ Joseph B. VanFleet
Joseph B. VanFleet
Timothy D Gronewold
Howard & Howard Attorneys PLLC
211 Fulton Street, Suite 600
Peoria, IL 61602
(309) 672-1483
Fax: 309-672-1568
jvanfleet@howardandhoward.com
tgronewold@howardandhoward.com

Brian J Hurst
State Bar No. 10313300
Nicholas O Kennedy
Baker & McKenzie, LLP
2300 Trammell Crow Center
2001 Ross Ave
Dallas, TX 75201
(214) 978-3075
Fax: 214/978-3099
brian.hurst@bakermckenzie.com


ATTORNEYS FOR CENTRUE BANK

/s/ Michael S. Smiley
Michael S Smiley
State Bar No. 18526550
Christopher Jason Fenton
State Bar No. 24087505
Underwood Law Firm, P.C.
PO Box 9158
Amarillo, TX 79105-9158
(806) 376-5613
Fax: (806) 349-9470
mike.smiley@uwlaw.com
jason.fenton@uwlaw.com

Cara Doak Kennemer
State Bar No. 24036489
Underwood Law Firm, P.C.
1008 Macon Street, Suite 101
Fort Worth, TX 76102
(817) 885-7529
Fax: (817) 977-0880
cara.kennemer@uwlaw.com

ATTORNEYS FOR AMARILLO NATIONAL BANK

/s/ Craig C. Martin
Craig C. Martin
(admitted *pro hac vice*)
Illinois Bar No. 6201581
Michele L. Slachetka
(admitted *pro hac vice*)
Illinois Bar No. 6297640
Jenner & Block LLP
353 N. Clark Street
Chicago, IL  60654-3456
(312) 222-9350
Fax:  (312) 527-0484
cmartin@jenner.com
mslachetka@jenner.com

/s/ Ronald W. Breaux
Ronald W Breaux
State Bar No. 02937200
Haynes & Boone, LLP
2323 Victory Ave, Suite 700
Dallas, TX 75219-7673
(214) 651-5688
Fax: (214) 651-5940
ron.breaux@haynesboone.com

ATTORNEYS FOR THE NORTHERN TRUST COMPANY

/s/ Daniel P. Callahan
Daniel P Callahan
State Bar No. 03648700
Kessler Collins
2100 Ross Ave, Suite 750
Dallas, TX 75201
(214) 379-0722
Fax: (214) 373-4714 FAX
dpc@kesslercollins.com

William Scott Turnbull
Crary Buchanan PA
759 SW Federal Highway, Suite 106
Stuart, FL 34994
(772) 287-2600
Fax: 772-223-4360
Turnbull@crarybuchanan.com

ATTORNEYS FOR SEACOST NATIONAL BANK

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing on all counsel of record via the Court's CM/ECF system on December 20, 2017.

/s/ *M. Chad Berry*
M. Chad Berry